UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST, and BORIS SALJANIN, c/o Robbins Geller Rudman & Dowd LLP 655 W. Broadway, Suite 1900 San Diego, CA 92101, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNITED STATES FOOD AND DRUG ADMINISTRATION, 10903 New Hampshire Ave. Silver Spring, MD 20993 <br><br> Defendants. | Misc. No. <br><br> CASE IN OTHER COURT: *Odeh v. Immunomedics, Inc.*, <br><br> Civil No. 2:19-cv-17645-EP-ESK (D.N.J.) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL THE UNITED STATES FOOD AND DRUG ADMINISTRATION
TO ALLOW THE DEPOSITION OF DR. CHACON

## TABLE OF CONTENTS

                                                                **Page**

I. INTRODUCTION ..................................................................................................................1

II. THE UNDERLYING ACTION AND RELEVANCE OF DR. CHACON'S TESTIMONY ..........................................................................................................................3

    A. Overview of the Underlying Action ...........................................................................3

    B. Dr. Chacon Has Knowledge of Facts Relevant to Plaintiffs' Claims .......................5

III. PROCEDURAL HISTORY OF PLAINTIFFS' REQUEST FOR DR. CHACON'S TESTIMONY .......................................................................................................8

IV. LEGAL STANDARD .........................................................................................................10

V. ARGUMENT .......................................................................................................................11

    A. Plaintiffs' Subpoena Seeks Dr. Chacon's Testimony Concerning Her First-Hand Knowledge of Important, Relevant Information ...........................................11

    B. Defendants' Threats to Seek Additional Depositions and Discovery if Dr. Chacon Is Allowed to Testify Do Not Implicate the Burden Associated with Dr. Chacon's Proposed Testimony ................................................................12

    C. The FDA's Burden Argument Is Not Legally Cognizable and Should Be Rejected ..........................................................................................................................13

VI. CONCLUSION ...................................................................................................................15

4863-3848-9139.v1

## TABLE OF AUTHORITIES

Page

**CASES**

*Buzzfeed, Inc. v. U.S. Dep't. of Just.*,
    318 F. Supp. 3d 347 (D.D.C. 2018) ................................................................................... 10

*In re Denture Cream Prods. Liab. Litig.*,
    292 F.R.D. 120 (D.D.C. 2013) ............................................................................................ 10

*In re Vioxx Prods. Liab. Litig.*,
    235 F.R.D. 334 (E.D. La. 2006) ................................................................................ 3, 13, 14

*John D. Copanos & Sons, Inc. v. Food & Drug Admin.*,
    854 F.2d 510 (D.C. Cir. 1988) .............................................................................................. 5

*S.E.C. v. Selden*,
    484 F. Supp. 2d 105 (D.D.C. 2007) .................................................................................... 10

*Watts v. SEC*,
    482 F.3d 501 (D.C. Cir. 2007) ............................................................................................ 10

Federal Rules of Civil Procedure
    Rule 26(a)(1) ..................................................................................................................... 9, 10
    Rule 26(b)(1) ......................................................................................................................... 10
    Rule 45 ................................................................................................................................... 10
    Rule 45(d)(3)(A) .................................................................................................................... 10

Pursuant to Federal Rule of Civil Procedure ("Rule") 45(d), Construction Industry and Laborers Joint Pension Trust and Boris Saljanin (together, "Plaintiffs") move to compel the United States Food and Drug Administration ("FDA") to allow Dr. Reyes Candau-Chacon ("Dr. Chacon") to appear for deposition (the "Motion").

The underlying action is a securities fraud class action pending in the United States District Court for the District of New Jersey involving allegations of false and misleading statements made by a clinical-stage biopharmaceutical company and certain of its officers and directors.[1] The allegedly false and misleading statements concerned, *inter alia*, data integrity issues and manufacturing problems at the Company's facility in Morris Plains, New Jersey that ultimately resulted in the FDA rejecting Immunomedics' application for the approval of a biologic license. Dr. Chacon personally inspected the Morris Plains facility and inquired about the data integrity and manufacturing issues during the FDA's pre-approval inspection between August 6 and August 14, 2018. Dr. Chacon is a critical fact witness whose testimony is directly relevant to the issues of falsity, scienter and the materiality of the information omitted from the Defendants' class period statements.

**I.     INTRODUCTION**

Pursuant to the *Touhy* regulations (21 C.F.R. §20.1), on December 1, 2021, Plaintiffs requested Dr. Chacon's testimony from the FDA. *See* Declaration of Trig R. Smith in Support of Plaintiffs' Motion to Compel the United States Food and Drug Administration to Allow the

---

[1]     *Odeh v. Immunomedics, et al.*, No. 2:18-cv-17645-EP-ESK (D.N.J.). "Defendants" in the underlying action are Immunomedics, Inc., ("Immunomedics" or the "Company"), Michael Pehl ("Pehl") (former CEO), Usuma Malik (former acting CFO), Michael Garone (former CFO), Morris Rosenberg ("Rosenberg") (former CTO), Behzad Aghazadeh (former Chairman of the Board), Scott Canute (former Board member), Peter Hutt (former Board member), and Khalid Islam (former Board member).

Deposition of Dr. Chacon ("Smith Decl."), Ex. A.[2]  Plaintiffs seek Dr. Chacon's testimony regarding: (a) her knowledge of a data integrity breach (or "DIB") at the Morris Plains, New Jersey manufacturing facility of Immunomedics that was uncovered in January 2018; (b) the August 2018 pre-approval inspection of that facility; and (c) the agency's January 2019 rejection of Immunomedics' biological license application for the drug IMMU-132.

In the months following December 2021, Plaintiffs and the FDA diligently negotiated the parameters of Dr. Chacon's testimony and, on two separate occasions, the FDA proposed dates for the deposition.  But in August 2022, with the proposed deposition date less than one month away, counsel for Defendants in the underlying action threatened Plaintiffs and the FDA that if the agency allowed the deposition of Dr. Chacon to proceed, Defendants would seek two additional depositions of unidentified FDA witnesses and would serve the agency with additional document requests.  In response to these threats, and despite previously offering dates for Dr. Chacon's deposition, the FDA denied Plaintiffs' request on September 7, 2022.

Dr. Chacon has personal knowledge of facts highly relevant to Plaintiffs' claims, including about the manufacturing readiness of Immunomedics' Morris Plains facility in 2018 in light of the DIB, and the agency's interaction with Defendants before, during, and after the August 2018 pre-approval inspection of that facility (which is designed to test a company's commercial manufacturing readiness).  Dr. Chacon led the FDA's pre-approval inspection in August 2018, and as a natural part of preparing for the inspection, the agency informed Dr. Chacon of what was known about the DIB prior to August 2018.  *See id.*, Ex. C.  Dr. Chacon was also involved in meetings and communications about the DIB and the Form 483 that was issued as a result of the pre-approval inspection, including with some of the individual defendants in the underlying action during the

---

[2]   For the Court's convenience, Plaintiffs attach a copy of the deposition subpoena for Dr. Chacon.  *See* Smith Decl., Ex. B.

inspection and the months following it. *See, e.g.*, *id.*, Ex. D at FDACDER_000350. With respect to any burden associated with Dr. Chacon's testimony, the FDA has acknowledged that it would be "***very low***."[3] *Id.*, Ex. E.

Denying Plaintiffs' request for Dr. Chacon's testimony because of Defendants' threats to seek additional unnecessary discovery was improper. *See In re Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334 (E.D. La. 2006) (denying the FDA's motion to quash where agency acknowledged proposed deponent had knowledge of relevant facts, but sought to avoid deposition on the basis of another party's stated intent to seek additional discovery from the agency should the requested deposition proceed). The Court should order the FDA to allow Dr. Chacon's deposition to proceed.

## II. THE UNDERLYING ACTION AND RELEVANCE OF DR. CHACON'S TESTIMONY

### A. Overview of the Underlying Action

The case underlying this Motion is captioned *Odeh v. Immunomedics, et al.*, No. 2:18-cv-17645-EP-ESK (D.N.J.). It is a securities fraud class action commenced in the District of New Jersey on December 27, 2018. *See* Smith Decl., Ex. F. Plaintiffs allege, *inter alia*, that Defendants failed to disclose to investors that Immunomedics' employees had engaged in wrongful conduct with regard to the manufacture of the Company's drug known as IMMU-132. *Id.*, ¶¶9-20. In 2018, Defendants defined a "Data Integrity Breach" as the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. G at GDC-IMMU-00742722.

Between February and July 2018, Defendants made numerous statements to investors about IMMU-132 and the status of getting the drug approved by the FDA, including in offering documents

---

[3] Plaintiffs are also willing to further minimize that "very low" burden, including taking Dr. Chacon's deposition during the evening after work hours or on a Saturday or Sunday if that would better accommodate the FDA and the witness.

for a June 15, 2018 sale of $300 million in stock. *See id.*, Ex. F, ¶¶9-15. But Defendants failed to disclose the DIB. In early August 2018, the FDA conducted a "pre-approval inspection" of Immunomedics' Morris Plains manufacturing facility. During that inspection, and afterwards, Defendants failed to share with the FDA information about the scope and purported remediation of the DIB based on a claim that the information was protected by the attorney-client privilege. *Id.*, ¶¶82-84. As a result of the inspection, on August 14, 2018, the FDA issued a Form 483 that contained 13 observations of current good manufacturing practices ("cGMP") violations. *Id.*, ¶82, Exhibit B attached to the pleading. The Form 483 addressed issues related to the DIB, including Defendants' failure to adequately investigate and remediate the unlawful conduct underlying the DIB. Dr. Chacon was the FDA's lead inspector during the August 2018 inspection, was present at the Morris Plains facility between August 6 and 14, 2018, and signed the FDA Form 483. *Id.*, ¶84, Exhibit B attached to the pleading.

Following issuance of the Form 483, the █████████████████████████████████████████████████████████████████████████████████████████████ *Id.*, Ex. H. While Defendants were unable to satisfy the requirements set forth by the FDA, they continued to keep the DIB, as well as the receipt of the Form 483, a secret from investors. As alleged, even as news of the Form 483 reached the market in December 2018, Defendants misleadingly assured investors that the manufacturing issues noted by the FDA had already been addressed and were "old news." *Id.*, Ex. F, ¶¶115-120.

Finally, on January 17, 2019, Immunomedics acknowledged that it had received a Complete Response Letter from the FDA rejecting the approval of IMMU-132 due to issues with the Company's Morris Plains manufacturing facility. *Id.*, ¶¶124-125. As a result of the Defendants'

fraudulent conduct and the disclosure of true facts about the DIB, Plaintiffs and investors in Immunomedics common stock are alleged to have collectively lost hundreds of millions of dollars.[4]

**B.     Dr. Chacon Has Knowledge of Facts Relevant to Plaintiffs' Claims**

As discussed above, in late January 2018, Defendants discovered that several employees at the Company's drug manufacturing facility in Morris Plains, NJ had been engaged in deliberate conduct that violated the FDA's cGMP (21 C.F.R. §210, *et seq.*). *See* Smith Decl., Ex. J at FDACDER_001661-72.  Defendants' consultants and manufacturing quality employees made Defendants aware of the DIB on January 31, 2018.  *Id.* at FDACDER_001658.  Within days, Immunomedics retained the law firm ▇▇▇▇▇▇ to conduct an investigation of the DIB.  *Id.* at FDACDER_001658-60.  As of February 2, 2018, ▇▇▇▇▇▇ investigation was in full swing.

By February 5, 2018, ▇▇▇▇▇▇ had completed a significant amount of its investigative work, ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇ *See id.*, Ex. C at FDACDER_003060-61.  Specifically, the Company informed the agency that ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇ *Id.*  Immunomedics' failure ▇▇▇▇▇▇ ▇▇▇▇▇▇ is a classic, yet serious violation of cGMP rules. *See, e.g.*, *John D. Copanos & Sons, Inc. v. Food & Drug Admin.*, 854 F.2d 510 (D.C. Cir. 1988) (affirming FDA's withdrawal of company's marketing approval for an injectable drug due to violations of cGMP regulations).

---

[4]     Plaintiffs' allegations were sustained in a July 31, 2020 Order denying Defendants' motion to dismiss.  *Id.*, Ex. I.  The fact discovery cutoff in the case is currently set for December 6, 2022.

On February 26, 2018, ▮▮▮▮ reported ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Smith Decl., Ex. J. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.*, at FDACDER_001661-72. On March 1, 2018, Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. K. However, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Compare id.*, Ex. J at FDACDER_001661-72, *with id.*, Ex. K.

Shortly after ▮▮▮▮ made its February 26, 2018 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. K at GDC_IMMU_00126340. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. L. Indeed, documents produced in this case indicate that Dr. Chacon was made aware of Immunomedics' DIB, as well as other information related to the DIB the agency had received prior to the August 2018 FDA inspection of Immunomedics' facility.

During the August 6-14, 2018 pre-approval inspection, Dr. Chacon interacted ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ During those interactions, ▮▮▮▮ repeatedly refused to provide Dr. Chacon or the FDA with a copy of the Company's materials regarding the investigation of the DIB. *Id.*, Ex. M at 41-42. Dr. Chacon also noted that it appeared Immunomedics (▮▮▮▮) had been misleading the agency with regard to the scope of the DIB. For instance, during the inspection, Dr. Chacon observed it appeared that Immunomedics had failed to determine whether the DIB affected the purity and safety of the Company's clinical trial and commercial lots of IMMU-132, despite ▮▮▮▮ repeated assurances to the contrary. *See id.*, at 44. And, after the Company had refused to produce a copy of ▮▮▮▮ investigation (let alone produce any

- 6 -

documents backing up Defendants' verbal claims that the DIB had been remediated), Dr. Chacon stated to her colleagues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. N (emphasis added).

At the conclusion of the inspection, on August 14, 2018, Dr. Chacon appears to have handed the FDA Form 483 to Immunomedics' most senior management, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which referenced the unlawful activity identified by Defendants in January 2018. *Id.*, Ex. O. The second observation in the Form 483 specifically states that the FDA could not make a determination of the breadth of the DIB because Defendants refused to produce a copy of ▮▮▮ investigation. *Id.*, Ex. F, Exhibit B attached to the pleading. As Dr. Chacon noted in an internal FDA communication on September 6, 2018, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, Ex. H (emphasis added). Indeed, Plaintiffs have also alleged that Defendants were ▮▮▮▮▮ the DIB and August 14, 2018 FDA Form 483 from investors. *Id.*, Ex. F, ¶¶105, 121.

Dr. Chacon personally participated in a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ During that meeting the DIB and Defendants' failure to produce documents substantiating the investigation of it were key agenda items. *See id.*, Ex. D at FDACDER_000352. In that meeting, Defendants – for the first time – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* The following ▮▮▮▮▮▮▮ identified by the FDA during the pre-approval inspection were also discussed during the November meeting. For instance, the FDA warned Defendants:

- 7 -



*Id.*, at FDACDER_000355-56. And, the Defendants were informed that ████████████ ████████████████████████████████████████████████████████████████████ *Id.* at FDACDER_000353. *See also id.*, Ex. P. After the ████████████████████████████████████████████████████████████████████ *Id.* Ex. Q. Two months later, the FDA rejected Immunomedics' licensing application for IMMU-132 as a result of long-open and unremediated manufacturing issues.

### III. PROCEDURAL HISTORY OF PLAINTIFFS' REQUEST FOR DR. CHACON'S TESTIMONY

Plaintiffs served their *Touhy* request on the FDA on December 1, 2021. Smith Decl., Ex. R. On January 28, 2022, the FDA asked that Plaintiffs propose dates for the deposition with sufficient lead time for Dr. Chacon to adjust her schedule. *Id.*, Ex. S at 4. After informing Defendants counsel of the deposition, Plaintiffs offered August 11 and 18, 2022 to the FDA as potential dates. *Id.*

In late June 2022, Plaintiffs wrote to the agency for the purpose of confirming the August 11 or August 18, 2022 dates for Dr. Chacon's testimony. *Id.* at 1-3. On July 19, 2022, the agency responded that it would get back with Plaintiffs' counsel by the end of the week. On July 27, 2022, Plaintiffs and the FDA conducted a conference call to discuss deposition dates. *Id.*, Ex. T.

Thereafter, on July 29, 2022, the FDA informed Plaintiffs that it had instructed Dr. Chacon to plan for the deposition to happen on either September 8 or 9, 2022. *See id.*, Ex. U.

On August 3, 2022, Plaintiffs communicated September 8, 2022 to Defendants as the proposed date for Dr. Chacon's testimony. *Id.*, Ex. V at 3-4. Two days later, on August 5, 2022, Defendants responded, but did not acknowledge the September 8, 2022 date. *Id.* at 1. Rather, Defendants' counsel notified Plaintiffs that they had spoken with the FDA, and informed Plaintiffs, without proving any specifics, that if the agency granted Plaintiffs' request for Dr. Chacon's testimony, "***Defendants will have no choice but to request deposition testimony from two additional individuals at the FDA in the interests of completeness* . . . .**" *Id.*, Ex. V at 1 (emphasis added).

On August 10, 2022, in response to Defendants' statement, and at the request of the FDA, Plaintiffs, Defendants, and the FDA conducted another conference call to discuss Dr. Chacon's testimony. During that call, Defendants reiterated their threat that if the agency agreed to allow Dr. Chacon's testimony, Defendants would seek two additional depositions of current FDA personnel and serve the agency with document requests. *See id.*, ¶3. Defendants did not identify who these deponents would be or why they were relevant to any of the claims or allegations in the underlying litigation. In fact, over the course of 18-months of discovery, up through August 5, 2022, Defendants did not identify a single FDA employee with knowledge of facts that might support their defenses (whether by Rule 26(a)(1) disclosure or other writing). By contrast, over two years ago and at the outset of discovery, Plaintiffs specifically identified Dr. Chacon in their Rule 26(a)(1) initial disclosures and sought documents from the FDA in September 2020.[5] At the end of the call, the FDA reminded Plaintiffs and Defendants that it was leaving the September 8 and 9 dates open for

---

[5] The FDA completed its production of documents responsive to Plaintiffs' requests in May 2021. At no time since (*i.e.*, 16 months later) have Defendants identified any deficiency with the scope of the agency's production.

- 9 -

Dr. Chacon's deposition and asked Defendants to submit their testimonial requests within 48-hours.[6] *Id.*, ¶4.

On September 7, 2022, as a result of Defendants' saber-rattling regarding needing more FDA testimony, the agency formally rejected Plaintiffs' December 2021 request. *Id.*, Ex. E. The FDA acknowledged, however, that the burden associated with Dr. Chacon's proposed 6-hour deposition, is "***very low***." *Id.*, Ex. E (email cover rejection letter) (emphasis added). The agency also confirmed that Dr. Chacon's deposition had become unduly burdensome ***only because of Defendants' threat*** to demand two additional depositions if the FDA allowed Dr. Chacon to testify. *Id.*

## IV. LEGAL STANDARD

Pursuant to Rule 45, resolution of disputes regarding non-party subpoenas commence in the district court. *See Watts v. SEC*, 482 F.3d 501, 503 (D.C. Cir. 2007); *see also S.E.C. v. Selden,* 484 F. Supp. 2d 105, 108 (D.D.C. 2007) (denying FDA motion to quash). In determining a motion to compel, the Court must first determine whether the discovery sought is relevant to a party's claims or defenses. *In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013); Fed. R. Civ. P. 26(b)(1). Once a litigant has established relevance, the Court must consider the non-party's objections, which "requires that district courts quash subpoenas that call for privileged matter or would cause an undue burden." *Watts*, 482 F.3d at 508; Fed. R. Civ. P. 45(d)(3)(A). This standard applies to subpoenas served on non-party federal agency employees. *Buzzfeed, Inc. v. U.S. Dep't. of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018).

---

[6]   Plaintiffs also asked Defendants on August 10, 2022 to update their Fed. R. Civ. P. 26(a)(1) disclosures to identify the two FDA representatives they wished to depose. *See* Smith Decl., Ex. W at 2. After receiving no response, Plaintiffs asked again a week later on August 17, 2022. *Id.* at 1. This time, Defendants responded by refusing and admitting that even they did not know who the two "yet-to-be determined" FDA representatives were who they would seek to depose. *Id.* Defendants reiterated that they would only seek to triple the burden on the agency "[i]n the event that the FDA grants Plaintiffs' request to depose Dr. Chacon. . . ." *Id.*

Dr. Chacon's testimony should be allowed to proceed.  The FDA has already conceded: (a) the relevance of Dr. Chacon's testimony; and (b) that any burden associated with her deposition would be "***very low***."  The agency even offered two separate date windows for Dr. Chacon's deposition.  Only after Defendants threatened the agency with additional discovery should the agency allow the deposition, did the FDA's position on burden change.  The threat that Defendants will seek additional depositions, which the FDA is not obligated to approve, is not a basis for refusing to allow Dr. Chacon's deposition to proceed.

V. **ARGUMENT**

A. **Plaintiffs' Subpoena Seeks Dr. Chacon's Testimony Concerning Her First-Hand Knowledge of Important, Relevant Information**

There is no real dispute that the testimony Plaintiffs seek from Dr. Chacon is relevant.  To prevail on their claims, Plaintiffs need to prove, among other things, that the DIB and Form 483 were significant issues and presented a risk to the approval by the FDA of IMMU-132.  Plaintiffs also need to prove what Defendants knew, and had been told, about the FDA's concern with the DIB, and that the Defendants were made aware that issues regarding the DIB and Form 483 had not been addressed and were not just "dotting the I's and crossing the T's" as investors were assured.  And, Plaintiffs will have to address Defendants' defenses, including claims that the FDA's failure to respond to Immunomedics' March 1, 2018 letter to the FDA meant the agency was not concerned about the DIB and that actions taken by the agency after ▓▓▓▓▓▓▓▓▓▓ assured Defendants that IMMU-132 would be approved.

As discussed above, Dr. Chacon led the FDA's inspection of Immunomedics' Morris Plains manufacturing facility between August 6-14, 2018.  Dr. Chacon signed the August 14, 2018 FDA Form 483.  *See* Smith Decl., Ex. F, Exhibit B attached to pleading.  During the August 14, 2018 "close-out" meeting of the agency's 8-day inspection, Dr. Chacon presented ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*, Ex. O.  Dr.

Chacon was also involved in meetings and communications with and about Immunomedics after the August 2018 inspection, and through the agency's rejection of IMMU-132 in January 2019. There is no person at the FDA who would have more relevant testimony than Dr. Chacon, and at no time has the FDA disputed the relevance of Dr. Chacon's expected testimony.

    **B.    Defendants' Threats to Seek Additional Depositions and Discovery if Dr. Chacon Is Allowed to Testify Do Not Implicate the Burden Associated with Dr. Chacon's Proposed Testimony**

As also discussed above, in January 2022, the FDA originally offered that Dr. Chacon could be deposed on August 11 or 18, 2022. In late June 2022, Plaintiffs wrote to the agency for the purpose of confirming the originally offered dates of August 11 or August 18 for Dr. Chacon's testimony. *See* Smith Decl., Ex. S at 2. During a July 27, 2022 conference call, the FDA informed Plaintiffs that it had instructed Dr. Chacon to plan for deposition on either September 8 or 9, 2022. *Id.*, ¶5. At no time prior to September 7, 2002, did the FDA identify any undue burden associated with Dr. Chacon's deposition. In fact, in order to minimize any burden, Plaintiffs agreed with the FDA's request that the deposition be limited to no more than six hours, it be conducted remotely, and that Plaintiffs share the six hours of record time to allow questions by Defendants' counsel.

Confronted with the impending deposition, on August 5, 2022, Defendants notified Plaintiffs that they had recently spoken with the FDA, and informed it that if the agency allowed the Dr. Chacon's deposition to proceed, "***Defendants will have no choice but to request deposition testimony from two additional individuals at the FDA in the interests of completeness*** . . . ." Smith Decl., Ex. V at 1 (emphasis added). Thereafter, on August 10, 2022, Plaintiffs, Defendants, and the FDA conducted a conference call during which Defendants' counsel reiterated their threat of imposing onerous additional discovery demands on the agency. *Id.*, ¶3. Following the conference call, on September 7, 2022, the FDA denied Plaintiffs' request for Dr. Chacon's testimony. *Id.*, Ex. E. In the email accompanying the FDA's correspondence, however, the agency acknowledged that it

was Defendants' threat of additional discovery that caused it to conclude Plaintiffs' December 2021 request for Dr. Chacon's deposition was unduly burdensome:

> After speaking with both parties and further reviewing your 20.1 request and defense counsel's subpoena for records, along with two additional witnesses, we are denying your request ***due to the time, resources, and undue burden on the agency to accommodate three witnesses***.
>
> \* \* \*
>
> In this instance, we initially, tentatively determined the burden was ***very low*** for [Dr. Chacon's] deposition, which would have taken approximately six hours.

*Id.* (email cover page) (emphasis added).

### C. The FDA's Burden Argument Is Not Legally Cognizable and Should Be Rejected

The FDA has acknowledged that any perceived burden associated with Dr. Chacon's testimony would be "***very low***." Smith Decl., Ex. E (emphasis added). Up until September 7, 2022, moreover, the FDA had not identified any undue burden associated with the proposed deposition. That is understandable: Plaintiffs had already agreed to limit Dr. Chacon's deposition to 6 hours and to conduct it remotely.

In fact, the FDA did not make any claim of undue burden until Defendants bullied the agency into it. The agency has admitted as much, acknowledging that it is the "time, resources, and undue burden on the agency to accommodate three witnesses" – not just Dr. Chacon's deposition – that caused it to deny Plaintiffs' request. But the fact that other depositions have been threatened by another party, with no indication that they are relevant or could not be rejected by the FDA, does not create an undue burden with respect to Dr. Chacon's deposition.

*Vioxx*, 235 F.R.D. 334, is instructive here. In that case, the plaintiff served a *Touhy* request on the FDA for testimony of a current employee. *Vioxx*, 235 F.R.D. at 336. The FDA rejected the request and moved to quash the subpoena. *Id.* Before denying the FDA's motion to quash, Judge Fallon eloquently summarized the FDA's position regarding undue burden:

- 13 -

> The FDA's real concern is not a one time deposition of a single employee, but the potential cumulative effect of this Court's ruling. If the Court allows the deposition of Dr. Graham to proceed, the FDA is worried that many other FDA employees may be subpoenaed by Merck to counterbalance the effect of Dr. Graham's testimony. ***In fact, Merck has already indicated its intent to subpoena several FDA employees if the deposition of Dr. Graham is allowed to proceed***.

*Id.* at 345 (emphasis added). Here, the FDA has taken the same position in the instant dispute based on an identical threat of additional, onerous discovery requests from an opposing party.

Similarly here, the FDA did not shut down Plaintiffs' request for Dr. Chacon's testimony ***until after*** Defendants threatened the agency with additional discovery. On a record almost identical to the one before this Court, Judge Fallon rejected the FDA's claim of burden, ordered the deposition to proceed, and further observed:

> The FDA need not go sleepless fearing endless depositions. This ruling is not a blank check written to [the plaintiff], Merck, or any other litigant. ***To the extent that Merck may seek its own depositions . . . the FDA is not powerless. It will be able to file a motion to quash. At that time, this Court, or whichever court the motion is filed in, must make its own determination as to the merits of each individual case***.
>
> It is proper that motions, such as those pending before the Court, should be decided on a case-by-case basis. Discovery motions are heavily based on the individual facts in an individual case. ***It would be particularly unwise to quash Dr. Graham's deposition simply because the FDA may at some unknown time in the future become inundated with deposition requests***. Likewise, if this Court were to make such an unsound ruling, it would in effect allow the FDA to implement a practice of denying all deposition requests under the guise of possible, although presently nonexistent consequences. Much as this Court will not write litigants a blank check, it will not deal the FDA a trump card.

*Id.* (emphasis added).

The FDA's position regarding burden should be rejected based on a single fact: The FDA changed its burden position from "***very low***" to unreasonably burdensome ***only after*** Defendants threatened the agency with additional discovery. Further, the burden the FDA now asserts in this dispute – the potential of additional deposition and discovery demands from Defendants – has absolutely nothing to do with the burden associated Dr. Chacon's testimony. *Id.* at 345. The FDA

- 14 -

- 15 -

remains in control of its fate and can address burden issues as it relates to Defendants' deposition requests – as it did in discussions with Plaintiffs – should those issues later become ripe.

## VI.  CONCLUSION

For the reasons stated herein, the Court should grant Plaintiffs' Motion and order the FDA to produce Dr. Chacon for deposition.

DATED:  September 22, 2022           Respectfully submitted,

ROBBINS GELLER RUDMAN
    & DOWD LLP
THOMAS E. EGLER (189871)


_____
THOMAS E. EGLER

905 16th Street NW, Suite 303
Washington, DC  20006
Telephone:  202/822-6762
202/828-8528 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2022, a copy of the foregoing declaration of trig r. smith in support of PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE UNITED STATES FOOD AND DRUG ADMINISTRATION TO ALLOW THE DEPOSITION OF DR. CHACON was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

THOMAS E. EGLER (189871)