# Trig Smith

| | |
|---|---|
| **From:** | Trig Smith |
| **Sent:** | Wednesday, December 1, 2021 6:00 PM |
| **To:** | 'DiPaola, Lauren' |
| **Cc:** | 'Howard.Philips@fda.hhs.gov'; 'Jacob Walker'; Tor Gronborg |
| **Subject:** | Immunomedics Sec. Litig. |
| **Attachments:** | Rule 20.1 Letter to Lauren Kisner.pdf |

Hi Lauren and Howard.

We hope your and your families' holiday was pleasant. Attached is Plaintiffs' Rule 20.1 request to the FDA for Dr. Reyes Candau-Chacon's deposition testimony. Of course, Plaintiffs look forward to discussing a reasonable deposition date that will pose as little of a burden on the agency as possible.

Please let me know if you have any questions.

Best regards,

Trig Smith


Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

f in 🐦 ▶ ⓘ

December 1, 2021

<u>VIA E-MAIL</u>

U.S. Food and Drug Administration
Office of Strategic Planning and Operational Policy
Division of Information Disclosure Policy
12420 Parklawn Drive
Element Building, Room 4042
Rockville, MD 20857

Attention: Ms. Lauren (DiPaola) Kisner

Re: *Odeh v. Immunomedics, Inc.*, No. 2:18-cv-17645-MCA-ESK (D.N.J.)

Dear Ms. Kisner:

In accordance with 21 C.F.R. §20.1, this letter is to request that the Commissioner of Food and Drugs authorize the testimony for trial of Food and Drug Administration ("FDA" or the "Agency") employee Dr. Reyes Candau-Chacon ("Dr. Chacon") in *Odeh v. Immunomedics, Inc., et al.*, Case No. CV-18-17645, currently pending before the Honorable Madeline Cox Arleo in the United States District Court for the District of New Jersey (Newark Division). To date, no trial date is set in this matter. However, plaintiffs anticipate that deposition testimony of percipient witnesses will begin in early 2022.

This request follows our assessment of documents produced by defendants and various non-parties in this case. Based on that assessment, plaintiffs believe the deposition testimony of Dr. Chacon would be necessary to prove their case. For example:

- Dr. Chacon was the lead FDA inspector during the Agency's August 2018 pre-approval inspection ("August 2018 PAI") of Immunomedics, Inc.'s ("Immunomedics" or the "Company") Morris Plains, New Jersey manufacturing facility, in connection with Immunomedics' Biological Licensing Application ("BLA") for sacituzumab govitecan.

- Dr. Chacon directly interacted with Immumomedics personnel during the August 2018 PAI, including named defendant Morris Rosenberg. These interactions are directly relevant to plaintiffs' case. For instance, it appears Dr. Chacon was diligent in asking Immunomedics to produce a copy of the Company's complete investigation of the Data Integrity Breach ("DIB"), which occurred at the Morris Plains facility and was reported to the FDA in February 2018, but each time she made the request, Mr. Rosenberg refused to honor it. The documents also indicate that Immunomedics was less than

December 1, 2021
Page 2

        fully transparent with Agency personnel regarding the DIB prior to, during, and after the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

- Evidence adduced to date also indicates that Dr. Chacon participated in critical communications with Immunomedics (including during the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

- The Agency's production indicates that Dr. Chacon interacted with the FDA's ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

- The record to date also indicates that Dr. Chacon was ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

    Indeed, the above-summarized matters are intended to provide the Agency notice of the specific topic areas of Dr. Chacon's deposition. The requested testimony is in the public interest because "'[t]he basic purpose of a trial is the determination of truth,'" and Dr. Chacon's testimony will facilitate "the jury's ability properly to perform that function." *Brown v. Louisiana*, 447 U.S. 323, 334 (1980) (citation omitted).

    The requested testimony will promote the objectives of the Federal Food, Drug, and Cosmetic Act and the Agency. The FDA has an interest in protecting the integrity of its official activities, including that sponsors who manufacture biologic substances are required to demonstrate (before marketing approval) that the drug can be manufactured consistently, safely, and without risk of exposing untold numbers of potential patients from contamination of foreign substances. Like the FDA, investors and potential patients had a right to know about this information. Unfortunately, defendants in this case did everything they could to hide the DIB and the failed August 2018 PAI from investors, for as long as they possibly could.

December 1, 2021
Page 3

    If you have any questions, please contact Trig R. Smith at 655 West Broadway, 19th Floor, San Diego, California 92101; telephone: (619) 231-1058.

Very Truly Yours,

Tor Gronborg
Debra J. Wyman
Trig R. Smith
Jennifer N. Caringal
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 02101
Phone: (619) 231-1058
Fax: (619) 231-7423
Email: torg@rgrdlaw.com
debraw@rgrdlaw.com
trigs@rgrdlaw.com
jcaringal@rgrdlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

Jeffrey C. Block
Jacob A. Walker
Michael Gaines
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Phone: (617) 398-5600
Email: jeff@blockleviton.com
jake@blockleviton.com
michael@blockleviton.com